HAFFNER'S, INC., Appellant,

v.

CITY OF KENT BOARD OF ZONING APPEALS, Appellee.

[Cite as *Haffner's, Inc. v. Kent Bd. of Zoning Appeals* (1994), 93 Ohio App.3d 691.]

Court of Appeals of Ohio,
Portage County.

No. 93–P–0046.

Decided March 21, 1994.

---

L. *James Martin,* for appellant.

*James R. Silver,* for appellee.

JOSEPH E. MAHONEY, Judge.

This matter arises from a decision of the Portage County Common Pleas Court upholding the affirmance of the decision of the City of Kent Planning Commission by appellee, City of Kent Board of Zoning Appeals. Appellant, Haffner's, Inc., was seeking to open a bar/restaurant on a site previously occupied by a gas station at 802–811 North Mantua Street in Kent.

The property in question consists of two lots, Lots 19 and 20, upon which the prior owner, Robert Lower, had operated a service station for many years. The structure itself is located on Lot 20, while Lot 19 was used as a parking area. The surface of Lot 19 was, and still is, gravel and is at the center of the present dispute.

Both lots are currently zoned commercial—high-density, multifamily residential, which permits both restaurants and taverns. On August 7, 1991, Kent passed an ordinance, Section 1167.08, which provides in part:

"The following standards shall apply to the design of off-street parking areas as they are required in this Chapter for all new or converted multifamily, commercial, industrial or quasi-public use:

"(a) *Hardsurfacing Required:* All parking areas, regardless of size, shall be hardsurfaced. Pavement type and thickness shall be approved by the Development Engineer prior to construction, taking into consideration soil conditions and traffic loadings."

"(Ord. 1991–53. Passed 8–7–91.)" Codified Ordinances of the City of Kent 1167.08.

Robert Lower closed the service station prior to the enactment of this ordinance. However, Lot 19 has continually been used as a parking lot by a business on an adjoining lot with Lower's knowledge and consent.

On October 5, 1992, the planning commission approved appellant's site plan, conditioned upon, *inter alia,* the parking lot's being paved. Its basis for attaching the condition was Section 1167.08(a). Specifically, the planning commission reasoned that since the use of the property has changed from a gas station to a restaurant, the hardsurfacing requirement of Section 1167.08(a) was triggered.

Appellant appealed the decision to the board, coupled with a request for a variance in case its appeal was denied. The planning commission's decision was upheld on October 19, 1992, and the request for a variance was denied. On October 30, 1992, appellant filed an appeal in the Portage County Common Pleas Court. On June 3, 1993, the trial court affirmed the decision of the board.

Appellant timely filed a notice of appeal with a single assignment of error:

"Whether the lawful and continued nonconforming use of the northern lot [Lot 19] precluded a requirement that the parking lot be paved."

In its sole assignment of error, appellant contends that the trial court erred in affirming the board's decision to require appellant to pave the parking lot.

Appellant argues that the two lots that constitute this parcel of land, Lot 19 and Lot 20, must be viewed as two separate lots. Appellant submitted an affidavit of the prior owner, who stated that Lot 19 was always used as a parking area during the time the gas station was in business, and that it has continued to be used as a parking area even though the gas station has closed.

It is appellant's contention, therefore, that the use of Lot 19 as a parking area is not new and has not changed but, rather, has stayed the same since before Section 1167.08 was enacted by Kent on August 7, 1991. Accordingly, its hardsurfacing requirement does not apply to appellant's parking area. This is because Section 1169.02 provides, in pertinent part:

"The lawful use of any building or land existing at the effective date of this Zoning Ordinance * * * may be continued, although such use does not conform with the provisions of this Ordinance, subject to the terms set forth in this Ordinance." See, also, *Akron v. Chapman* (1953), 160 Ohio St. 382, 52 O.O. 242, 116 N.E.2d 697, paragraph two of the syllabus.

Appellee counters with the argument that the two lots together were used as one and that it was occupied by a gas station. Parking on that lot was merely ancillary to the operation of a gas station. When the gas station closed the lot ceased to be used for that purpose. Thus, after the gas station closed, the use of

any part of the area as a parking lot was a different use and was an illegal use since the owner never received a conditional zoning certificate to use the property as a parking lot. Therefore, appellee concludes either that the use of the single parcel of land changed from a gas station to a bar/restaurant, or that the use of the land as a parking lot after the gas station closed was illegal since the owner did not have a permit. In either case, appellee claims that Section 1167.08 was triggered, which requires appellant to pave the parking lot.

The common pleas court set forth the dispute as follows:

"The issue is whether the parking surface can remain graveled or must be paved. At odds is the vested right of a landowner to maintain a nonconforming use (graveled parking) against the exercise of police power by a municipality to place conditions upon land use (paved parking)."

The court then determined that requiring a landowner to pave a gravel parking lot does not rise to the level of a taking because the use of the land is unaffected.

The trial court was both right and wrong. The question in this case is whether the parking surface can remain graveled. The key issue, however, is whether the graveled parking lot is a prior nonconforming use. If it is, then the analysis is relatively simple.

The common pleas court appears to have started with the assumption that the graveled parking lot was being used for a nonconforming use. This should not have been assumed, as it is that question that is at the center of this dispute. The resolution of that question is determinative of this appeal.

After reviewing the record, we are convinced that the use of the graveled parking lot was a prior nonconforming use. Lot 19 has, at all times since the prior owner operated a gas station on the property, been used as a parking area. Even after the gas station was closed, Lot 19 was used as a parking area. Its use as a parking area has been constant and uninterrupted. Accordingly, Section 1167.08 was not triggered.

Pursuant to Section 1169.02, the lawful use of Lot 19 as a parking area could be continued by the owner subsequent to the enactment of Section 1167.08. Therefore, the common pleas court erred in affirming the decision of the board that appellant had to pave its parking lot.

Appellant's sole assignment of error has merit.

The issue of the variance sought by appellant is made moot by our decision that the parking lot was a prior nonconforming use. Therefore, we need not address this issue, pursuant to App.R. 12(A).

The judgment of the trial court is reversed and the cause is remanded for the purpose of entering judgment in favor of appellant.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and NADER, J., concur.